UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22768-CIV-COOKE/TORRES

CARLOS ANTONIO ORTEGA
BONILLA,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,
and ANDREA HOFFMAN,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

    This is a case alleging various torts and constitutional violations against the United States of America (the "U.S.") and Assistant United States Attorney Andrea Hoffman ("AUSA Hoffman") in connection with the investigation and arrest of Plaintiff Carlos Antonio Ortega Bonilla ("Plaintiff"). Before me is Defendants' Motion to Dismiss and Memorandum in Support thereof. (ECF Nos. 14, 15). The Motion to Dismiss has been fully briefed and is ripe for adjudication. (ECF Nos. 19, 22). I have reviewed Defendants' Motion to Dismiss, the Response and Reply thereto, the record, and the relevant legal authorities. For the reasons that follow, Defendants' Motion to Dismiss is granted.

### I.    BACKGROUND

    The following facts are taken from Plaintiff's Complaint. (ECF No. 1). Plaintiff is a citizen and resident of Colombia. Compl. ¶ 4. Plaintiff had been an airline pilot for more than 25 years before serving in high-ranking positions in air safety for the Colombian government. (*Id.* ¶ 10). In 2004, Plaintiff left his post with the Colombian government, and began working as an Aviation Consultant and working part-time as a broker for the sale and lease of airplanes. (*Id.*).

    On June 28, 2012, Plaintiff was extradited and arrested in the United States by agents of the U.S. Drug Enforcement Agency ("DEA") and accused on taking part

1

in a drug smuggling operation. (*Id.* ¶ 12). Plaintiff avers that the U.S. investigation was coordinated between the DEA and Colombian law enforcement and that the DEA made payments to "vetted units" of the Colombian narcotics police who assisted the operation. (*Id.* ¶ 14). Plaintiff was specifically accused of brokering the sale of airplanes to be used to funnel drugs to other countries for later transport to the U.S. (*Id.*). The U.S. claimed that it was in possession of phone wiretaps of Plaintiff selling airplanes to drug traffickers. (*Id.*). Plaintiff alleges that the U.S. had no evidence that any airplanes that he sold as an Aviation Consultant were linked to drug trafficking. (*Id.* ¶ 13). In fact, Plaintiff alleges, the evidence in Defendants' possession showed that Plaintiff had objected to selling airplanes to the co-defendant drug traffickers and "went out of his way to prevent the sale of an airplane to a particular individual that he subjectively believed may be involved in drug trafficking." (*Id.* ¶¶ 13, 18). Plaintiff further alleges that the only evidence that allegedly reflected wrongdoing on his part were phone wiretaps of an entirely different person, Carlos Letona. (*Id.* ¶ 16).

Plaintiff alleges that he was arrested despite the Defendants' knowledge that he was innocent. (*Id.* ¶ 23). He states that his criminal defense attorney made numerous requests for the phone wiretaps, yet was not provided with them. (*Id.* ¶ 25). Other exculpatory evidence was likewise allegedly withheld from Plaintiff's criminal defense attorney. (*Id.* ¶¶ 27-29, 31). He further states that AUSA Hoffman refused to consider exculpatory evidence. (*Id.* ¶¶ 27 – 29, 31). When DEA agents expressed a desire to investigate Plaintiff's claims of innocence, AUSA Hoffman advised them to "stand down" and told then they were not permitted to share the phone wiretaps with Plaintiff's criminal investigator. (*Id.* at ¶ 30).

On August 31, 2012, the charges against Plaintiff were dismissed. (*Id.* at ¶ 34). Plaintiff now brings several causes of action against Defendants. Plaintiff brings the following claims against the U.S. pursuant to the Federal Tort Claims Act: (1) false arrest (Count I); (2) false imprisonment (Count II); (3) malicious prosecution (Count III); (4) abuse of process (Count IV); (5) intentional infliction of emotional distress (Count V); and (6) negligence (Count VI). Plaintiff brings the following additional claims against AUSA Hoffman: (1) Constitutional claim under the Fifth

Amendment (Count VII); (2) Constitutional claim under the Fourth Amendment (Count VIII); and (3) Constitutional claim for *Brady* Rule violation (Count IX).

## II. LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. A complaint's factual allegations must be enough to raise a right to relief above the speculative level. *Id.* Detailed factual allegations are not required, but a pleading "that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The purpose of a motion to dismiss is to test the facial sufficiency of a complaint. *See Hermoza v. Aroma Restaurant, LLC*, No. 11-23026-CIV, 2012 WL 273086, at *1 (S.D. Fla. Jan. 30, 2012). Therefore, a court's consideration when ruling on a motion to dismiss is limited to the complaint and any incorporated exhibits. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## III. DISCUSSION

### A. Federal Tort Claims Act Claims Against the U.S.: Counts I – VI

The U.S. seeks to dismiss Plaintiff's claims against it on the ground that Plaintiff's claims are barred by the doctrine of sovereign immunity because they are based on the actions of a federal prosecutor, AUSA Hoffman, who does not qualify as

3

an "investigative or law enforcement officer" within the meaning of 28 U.S.C. § 2680(h).[1] Defs.' Mot. to Dismiss 2-4, ECF No. 14. I agree.

> Section 1346 of the FTCA provides in part that:
>
> [T]he district courts…shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

That statutory language acts as a waiver of sovereign immunity, but that waiver is limited by another section of the FTCA. 28 U.S.C. § 2680(h) sets out one exception to the FTCA waiver of sovereign immunity and provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to –
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h). Thus, under § 2680(h), the U.S. may be liable for certain enumerated intentional torts of a federal employee to the extent that the employee is an "investigative or law enforcement officer." 28 U.S.C. § 2680(h); *see Nguyen v.*

---

[1] The U.S. also seeks to dismiss Plaintiff's claims against it on the ground that Plaintiff's claims are barred by the discretionary function exception pursuant to 28 U.S.C. § 2680(a). Defs.' Mem. of Law in Supp. of Mot. to Dismiss 7, ECF No. 15. However, as explained below, I find that the U.S.'s argument under 28 U.S.C. § 2680(h) has merit. Accordingly, I need not consider the U.S.'s alternate basis for dismissal.

4

*U.S.*, 556 F.3d 1244, 1255 (11th Cir. 2009). In the Eleventh Circuit, claims brought under § 2680(h) that are based on a federal prosecutor's acts or omissions are barred because federal prosecutors "do not qualify as 'investigative or law enforcement officers'" within the meaning of 28 U.S.C. § 2680(h). *Trupei v. U.S.,* 304 F. App'x 776, 784 (11th Cir. 2008) (noting that since prosecutors are not empowered to execute searches, seize evidence, or make arrests, they do not qualify as "investigative or law enforcement officers"); *see* 28 U.S.C. § 2680(h); 28 U.S.C. § 547 (describing a prosecutor's powers and not listing the execution of searches, seizure of evidence, or making of arrests).

Plaintiff concedes that his claims against the U.S. are largely predicated on AUSA Hoffman's actions. Pl. Mem. in Opp. To Defs.' Mot. to Dismiss 4, ECF No. 19. However, Plaintiff argues that his claims against the U.S. are not barred by 28 U.S.C. § 2680(h) because AUSA Hoffman's conduct effectively placed her in the role of an investigative officer. *Id.* at 6-7. I disagree.

Cases interpreting § 2680(h)'s exception language have focused on traditional investigative officers such as DEA agents or agents of the Federal Bureau of Investigations ("FBI"). *See Nguyen* at 1260 (holding DEA agent who arrested the plaintiff liable under §2680(h)); *Williams v. U.S.*, 314 F. App'x 253, 258-59 (11th Cir. 2009) (holding that an FBI agent may be liable for battery under § 2680(h)); *Corbett v. Transp. Sec. Admin.*, 568 F. App'x 690, 701 (11th Cir. 2014) (holding that the exception for investigative or law enforcement under § 2680(h) is "commonly understood to be traditional law enforcement" that have investigative and law enforcement powers by law).

Here, AUSA Hoffman is clearly not a traditional investigative officer. At most, Plaintiff states that AUSA Hoffman instructed DEA agents to "'stand down' and specifically told them that they were not permitted to share the phone wiretaps." Compl. ¶ 30. Even if such conduct were considered to be investigative in nature, Plaintiff cites no authority for the proposition that a prosecutor taking on an investigative role falls within the § 2680(h) exception for investigative officers. Plaintiff's sole reliance on *Barbara v. Smith*, 836 F.2d 96, 100 (2nd Cir. 1987) is unavailing because *Barbara* did not involve FTCA claims or § 2680(h). It is a well-

5

established rule in this Circuit that prosecutors are not "investigative or law enforcement officers" under § 2680(h). *Trupei,* 304 F. App'x at 784. As such, Plaintiff's false arrest, false imprisonment, malicious prosecution, and abuse of process claims are barred by the plain meaning of § 2680(h).

In addition, Plaintiff's negligence and intentional infliction of emotional distress claims against the U.S. are barred because they stem from the same conduct as Plaintiff's other FTCA claims. *Metz v. U.S.*, 788 F.2d 1528, 1534 (11th Cir. 1986) ("[A] cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim."). Here, Plaintiff relies on the same actions to support his negligence and intentional infliction of emotional distress claims as his false arrest, false imprisonment, malicious prosecution, and abuse of process claims.

Plaintiff also tries to argue that his claims are not barred pursuant to § 2680(h) because he includes allegations that DEA agents engaged in wrongful actions. I disagree. Clearly, the thrust of Plaintiff's claims is that AUSA Hoffman failed to sufficiently review the evidence before her. Plaintiff's sparse factual allegations with respect to the actions of DEA agents fail to meet the *Twombly/Iqbal* standard for stating a plausible claim. Compl. ¶ 30; *see Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. As such, Plaintiff fails to state a claim against the U.S. under the FTCA.

### B.   *Bivens* Claims Against AUSA Hoffman: Count VII – IX

Plaintiff brings three claims against AUSA Hoffman: (1) violation of the Fifth Amendment for arresting and prosecuting Plaintiff without a reasonable basis or lawful authority, (2) violation of the Fourth Amendment for arresting and prosecuting Plaintiff without probable cause, and (3) violation of the Fifth Amendment for failing to comply with the *Brady* rule. Compl. ¶¶ 24-26. AUSA Hoffman seeks to dismiss Plaintiff's constitutional claims against her on the ground that she is entitled to absolute immunity because the claims arose from her performance of her prosecutorial duties under 28 U.S.C. § 547(1). Defs.' Mem. of Law in Supp. of Mot. to Dismiss 14, ECF No. 15. Plaintiff argues that AUSA Hoffman is

not absolutely immune because she acted "outside her traditional prosecutorial or litigation functions." Pl. Mem. in Opp. To Defs.' Mot. to Dismiss 17, ECF No. 19. I find that AUSA Hoffman is entitled to absolute immunity.

Prosecutors are absolutely immune from civil actions for conduct that is "intimately associated with the judicial phase of the criminal process." *Baxter v. Washington*, 201 F. App'x 656, 658 (11th Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430–31, (1976)). Prosecutors are absolutely immune from liability for "initiating a prosecution and in presenting the State's case." *Imbler*, 424 U.S. at 431. And they are immune from liability for failing to provide exculpatory evidence when they were performing "prosecutorial functions" at the time they learned of the exculpatory evidence. *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999).

In the instant case, Plaintiff's claims are essentially based on AUSA Hoffman's alleged refusal to produce exculpatory evidence to Plaintiff, conduct a further review of the evidence, and consider exculpatory evidence provided by Plaintiff's criminal defense attorney, criminal investigator, and Colombian law enforcement agents. Compl. ¶¶ 26-33. As Plaintiff concedes, these acts and omissions occurred after extradition proceedings began and before the charges against Plaintiff were dropped. *Id.* ¶¶ 27-33. This time period was within the judicial phase of the criminal case against Plaintiff and pertains to AUSA Hoffman's duties as a prosecutor, such as weighing the evidence – an integral part of a criminal case. At the time AUSA Hoffman received the exculpatory evidence, she was acting as an advocate for the U.S. Plaintiff's Complaint fails to provide sufficient information to show that AUSA Hoffman was acting in an investigative, non-prosecutorial capacity when she received the alleged exculpatory evidence. As such, AUSA Hoffman is absolutely immune from Plaintiff's constitutional claims against her.

Plaintiff relies on cases such as *Barbara v. Smith*, 836 F.2d 96 (2nd Cir. 1987) for the proposition that a prosecutor acting in an investigatory capacity is not entitled to absolute immunity. However, this proposition is inapplicable here because AUSA Hoffman was not acting beyond the scope of her duties as a prosecutor at the time of the events alleged by Plaintiff. *See Barbara*, 836 F.2d at 99 ("We note that in each of the cases we have reviewed where absolute immunity was

upheld, some type of formal proceeding had been commenced or was being commenced by the challenged acts.") Plaintiff's allegations regarding AUSA Hoffman occurred after extradition proceedings commenced. Thus, the authorities cited by Plaintiff are inapposite.

Plaintiff's allegations regarding the wrongful acts of AUSA Hoffman occurred during the judicial phase of the criminal process and within AUSA Hoffman's prosecutorial duties to initiate and present the U.S.' criminal case against Plaintiff. Therefore, AUSA Hoffman is entitled to absolute immunity, barring Plaintiff's claims against her.

## IV. CONCLUSION

For the foregoing reasons, Defendants', the United States of America and Andrea Hoffman, Motion to Dismiss (ECF No. 14) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *with prejudice*. All other pending motions are **DENIED as moot**. The Clerk is **DIRECTED** to **CLOSE** this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of September 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*